**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

LIBERTY AMERICAN INSURANCE
GROUP,

      Plaintiff,

vs.                                         CASE NO. 5:08cv35/RS/MD

UNITED STATES AIR FORCE,

      Defendant.
_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>**

      Before me are Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 4) and Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 5).

**I. STANDARD OF REVIEW**

      A motion to dismiss should be granted under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).  On a motion to dismiss under Rule 12(b)(6), the court's function is not to assess the veracity or weight of the evidence that might be offered in support of the complaint; instead, the court must merely

determine whether the complaint is legally sufficient. *See Sherman ex rel. Sherman v. Helms,* 80 F. Supp. 2d 1365, 1368 (M.D. Ga. 2000).  In ruling on a motion to dismiss, the court must accept all material facts alleged in the complaint as true, and it must construe all reasonable inferences in the light most favorable to the plaintiff. *See Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir. 1999).  If the facts alleged in the complaint would allow the plaintiff to recover under any possible theory, the motion must be denied, regardless of whether they would allow recovery under the particular theory pleaded by the plaintiff. *See Linder v. Portocarrero,* 963 F.2d 332, 336 (11th Cir. 1992).

## II. FACTS

On May 21, 2004, a United States Air Force F-15 crashed on Charles and Barbara Tiffin's property.  Plaintiff provides a residential homeowner's insurance policy to Charles and Barbara Tiffin for the subject property.  Plaintiff investigated the claim filed by Charles and Barbara Tiffin and settled with Charles and Barbara Tiffin for $230,000 on April 30, 2007.  As provided by the terms of the insurance policy, Plaintiff became subrogated to the rights of Charles and Barbara Tiffin for all money paid in satisfaction of their claim.  On May 7, 2007, Plaintiff presented an administrative claim to Defendant for property loss caused by the plane crash.

The Defendant denied the Plaintiff's administrative claim on August 22, 2007.  On January 31, 2008, Plaintiff filed this lawsuit.

## III. ANALYSIS

Both parties agree there are strict time requirements for filing a tort action against the United States.  Title 28, United State Code, Section 2401(b) states:

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).  At issue is the date this claim accrued.  Plaintiff argues the claim accrued on April 30, 2007, the date Plaintiff acquired its subrogation rights to present a claim against Defendant.  Defendant argues the claim accrued on May 21, 2004, the date the damage occurred.

Plaintiff correctly points out that the statute of limitation in an indemnification action begins to run on the date of payment by the party seeking indemnification, rather than the date of injury. *Fireman's Fund Ins. Co. v. Rojas*, 409 So. 2d 1166, 1167 (Fla. 3d DCA 1982).  However, this is a subrogation action. There is a clear distinction between subrogation rights and indemnification rights. *Allstate Ins. Co. v. Metro. Dade County*, 436 So. 2d 976, 978 (Fla. 3d DCA 1983). In a subrogation action, the subrogee "stands in the shoes" of the subrogor and is

entitled to all of the rights of its subrogor, but also suffers all of the liabilities to which the subrogor would be subject. *Id.*  Subrogation is designed to afford relief when one is required to pay a legal obligation which ought to be met, either wholly or partially, by another. *Id.* (*citing Underwriters at Lloyds v. City of Lauderdale Lakes,* 382 So.2d 702 (Fla.1980)*; American Home Assurance Co. v. City of Opa Locka,* 368 So.2d 416 (Fla.3d DCA 1979)); *See* Restatement (Third) of Suretyship and Guaranty § 28 (1996).

Indemnity, on the other hand, shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the cost because it was the latter's wrongdoing for which the former is held liable. *Allstate Ins. Co. v. Metro. Dade County*, 436 So. 2d 976, 978 (Fla. 3d DCA 1983) (*citing Houdaille Industries, Inc. v. Edwards*, 374 So.2d 490 (Fla. 1979). Indemnification rights derive from the relationship between a party and the party causing the injury. *Id*.

Courts have traditionally held that in contractual subrogation actions, the statute of limitations runs from the date of the injury to the original "rightsholder" and not from the date of payment by the subrogee. *Id*.  Where insurers have brought actions for subrogation to recover, for injuries or damage for which the

insurer has paid its insured, against a third party whose alleged tortious conduct caused the injuries or damage, such insurers have frequently attempted to have applied to the subrogation actions the same time of accrual as that applied to indemnity actions, but courts generally have adhered to the view that the statute of limitations begins to run on a subrogated insurer's action against a third-party tortfeasor at the same time that the statute of limitations would begin to run on an action by the insured against the third-party tortfeasor. *Don Reid Ford, Inc. v. Feldman*, 421 So.2d 184 (Fla. 5th DCA 1982).

Numerous courts have found that a property damage claim against the United States accrues on the date of the accident. *Mentis v. United States Postal Service*, 547 F. Supp. 164, 165 (D.N.Y. 1982) (property damage claim accrued on date of accident, not on date insurance company acquired subrogation rights); *United States v. Thrower*, 267 F. Supp. 608, 609 (D. Tenn. 1967) (property damage claim accrued on date of accident so cross claim dismissed); *United States v. Southern Pacific Co.,* 210 F. Supp. 760 (D. Cal. 1962) (property damage claim accrued on date of accident but United States waived jurisdictional requirement by bringing action against defendant).

Plaintiff points out that it was required to provide a sum-certain as part of its Federal Torts Claims Act administrative claim. *Healy v. United States*, 435 F.

Supp. 2d 157, 161 (D.D.C. 2006).  In this case, the damage was caused when a United States Air Force F-15 crashed.  The damages could have been assessed within the two year requirement.

Thus, this claim accrued on May 21, 2004, the date the damage occurred. Plaintiff's administrative claim was filed untimely.  Plaintiff can prove no set of facts in support of a claim which would entitle relief.  Therefore, this case is dismissed with prejudice.

## IV. CONCLUSION

Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 4) is **GRANTED**.  The clerk is directed to close the file.

**ORDERED** on April 1, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**